508 P.2d 361

**STATE of Arizona, Appellee,**

v.

**Larry EDWARDS, Appellant.**

**No. I CA–CR 479.**

Court of Appeals of Arizona,
Division 1,
Department B.
April 3, 1973.

Gary K. Nelson, Atty. Gen., by Peter Van Orman, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

HAIRE, Judge.

Larry Edwards pleaded guilty to a charge of grand theft and received a sentence of three to five years in the Arizona State Prison. He has appealed from the judgment of guilt and sentence, alleging that the record does not reflect that he adequately understood the nature of the charge to which he was pleading.

The defendant was originally charged in superior court with one count of robbery and two counts of assault with a deadly weapon. The defendant, who was seventeen at the time, had been remanded to the superior court for trial as an adult after a hearing before the juvenile court which found that there was probable cause to believe that he had committed robbery and assault with a deadly weapon and that he should be transferred for prosecution as an adult. *See* Rule 14, Rules of Juvenile Court, 17 A.R.S.

Pursuant to a plea bargain the charges of robbery and assault with a deadly weapon were dropped and an amended information was filed charging the defendant with grand theft. He pleaded guilty to this charge on June 8, 1971. The trial court advised the defendant of the range of sentence which could be imposed and of the constitutional rights which he was waiving by pleading guilty. The record indicates that the court determined that the plea was uncoerced. The record also indicates that the trial court was aware of the defend-

ant's age and the fact that he had been remanded from juvenile court.

The crux of the defendant's position on appeal is that the record does not reflect that he received adequate information from the trial court, considering his youth, to enable him to arrive at an intelligent understanding of the charge to which he was pleading guilty. Defendant does not suggest that the trial court should have explained all of the elements of the crime of grand theft to him—such position has been rejected by the courts of this state, *see* State v. Parker, 19 Ariz.App. 110, 505 P.2d 278 (1973). Defendant instead maintains that the court should have made some "generalized explanation" as to the nature of the crime.

The record discloses this exchange between the trial court and the defendant:

"Q. Mr. Edwards, the amended information alleges that on or about March 19th, 1971, in Maricopa County, Arizona, you committed Grand Theft from the person of Paul Alvarez in violation of the statute. Now do you understand that that is the charge which is set forth in this amended information?

"A. Yes.

"Q. In respect to this particular charge, Mr. Edwards, did you on or about March 9, 1971, commit Grand Theft by taking property from the person of Paul Alvarez?

"A. Yes, I did."

We find that the record supports the trial court's conclusion that the defendant adequately understood the nature of the charge as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

Pursuant to A.R.S. § 13–1715, we have examined the record for fundamental error and find none. The judgment of conviction and sentence are affirmed.

JACOBSON, C. J., Division 1, and EUBANK, P. J., concur.